Frost, J.
delivered the opinion of the Court.
It appears from the certified copy of the indictment, that the defendant is not described as a lawful constable. The warrant of commitment is directed to any lawful constable, &c., but in setting out the delivery of the warrant, and of the custody of Hester to the defendant, and the escape of Hester from the defendant, he is described as one of the constables of the district of Abbeville. This obviates the objection to the description of the defendant as a lawful constable. But the objection could not have prevailed if the defendant had been so described. If one is not a lawful constable, he is no constable ; and so a constable necessarily means a lawful constable. There is then no difference in the official capacity, which may be attributed to the defendant by either description.
The efficacy of lawful authority is generally attributed to the official acts of persons who represent themselves and are reputed to be officers, and do actually discharge the duties of the office they assume. When a sheriff’s deed, a magistrate’s warrant, or the service of process, by a constable, is offered in evidence, strict proof is not required of the delegation of the authority which is exercised by those officers; but it is presumed from the public and actual exercise of it. In Berryman v. Hill, Buller, J. on the authority of Norton’s case, decided by all the Judges, affirms that in case of all peace officers, justices, constables, &c. it is sufficient to prove that they acted in those characters, without producing their appointment. If third persons may thus be affected by the acts of an officer de facto, it would be dangerous if he were permitted to evade liability for misconduct, by proving he is not an officer de jure. He cannot thus take advantage of his own wrong. Accordingly, in Allen v. McNeill, Nott, J. states a consequence of the rule to be, that when a person is sued for any act done by him, in any official capacity, it is not permitted to him to say that he is not the officer he has held himself out to the world to be.
If it be necessary to set out in the indictment, that Hester had been brought before Squire Anderson, under an actual arrest on a criminal charge, before he was delivered to the custody of the defendant, under the warrant for his commitment to jail, it is sufficiently done in the statement that “ Hester was brought before one W. C. Anderson, then and yet being one of the magistrates assigned to keep the peace in and for the said district, by virtue of a warrant regularly is *147 sued by the said W. C. Anderson, under his hand and seal, charged with the offence.of unlawfully trading with a slave,^ named Silas, the property of G. W. Stone, on the oath of one F. A. Conner.” The forms Archb. 417, and 2 Chitty Cr. Law, 166, only set out that A. was brought by B. a constable, &c. before C., one of the justices, &c., and that A. was then and there charged, upon the oath of D., with rape, &c. The indictment, in every material circumstance, pursues the forms referred to, in setting out the warrant of commitment, and delivery of the custodoy of Hester to the defendant, with the warrant, and the escape; but after the statement, that the said Dudley Maberry, “ the said Baylis Hester out of the custody of him, the said Dudley Maberry, unlawfully‘and negligently did permit to escape and go at large, whitherso-ever he would,” it is not added in the indictment, as it is in the forms referred to, “ whereby the said Dudley Maberry did then and there escape and go at large, whithersoever he would.” In addition to the authority derived from the precedents in Arch bold and Chitty, for the additional statement, that Dudley Maberry “ did escape,” &c., in 2 Hawk. P. C. 19, S. 5, it is said “it seems also that every such indictment must expressly shew that the prisoner went at large, which is most properly expressed by the words, exivit ad largum.” It was probably from a cautious respect to the intimation of Hawkins, that the statement, omitted in the indictment, was added in the forms referred to. It is sufficient to set out that the prisoner did escape, and this may be expressed by other words besides exivit ad largum. It is the opinion of the Court, that the offence is sufficiently charged. An escape is an actual enlargement from legal custody. To escape is the act of escaping. When the indictment charges that the defendant permitted Hester to escape, that is, to effect an actual enlargement from legal custody and restraint, it does shew that Hester did escape.
The motion is refused.
Richardson, J. O’Neall, J. Evans, J. and Wardlaw, J. concurred.

Motion refused.